# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEANDRE KING,

                Petitioner,              Case Number: 5:11-CV-13621

v.                                       HON. JOHN CORBETT O'MEARA

STEVE RIVARD,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Deandre King, an inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for writ of habeas corpus challenging his convictions for second-degree murder, assault with intent to commit murder, discharging a firearm in an occupied dwelling, receiving and concealing stolen firearm, and felony firearm.  He raises eight grounds for habeas relief.  Respondent filed an answer arguing the claims are procedurally defaulted and/or meritless.  For the reasons set forth, the Court denies the petition.

## I.  Factual Background

Petitioner was convicted of the above-offenses following a jury trial in Wayne County Circuit Court.  The Michigan Court of Appeals recited and relied on the following facts in denying Petitioner's appeal on direct review:

This case arises from a shooting that occurred on February 12, 2006, which resulted in the death of Leonard Brown.  On that evening, defendant was at the apartment of his former girlfriend, Yasia Woodley, as she and her daughter awaited the arrival of Brown who had been told by Woodley to come and pick-up his belongings from her apartment.  When Brown arrived at Woodley's apartment, defendant heard Woodley scream and he approached the hallway where Brown and his friend Lewis Armstrong were located.  Once he arrived at their location, defendant pointed a gun at Brown, spoke a few words, then according to defendant, Brown lunged at him and defendant fired one shot, causing Brown to fall into the bathroom. According to defendant, as the second person (Armstrong) approached the door, he fired two shots at him, but the gun jammed.  Following the shooting, defendant hid the gun in an apartment and ran to his mother's house.  After being arrested by the police, defendant admitted to the shooting, but claimed that he did so in self-defense.

*People v. King*,  No. 274173, 2008 WL 161995, *1 (Mich. Ct. App. Jan. 17, 2008).

This recitation of the facts is presumed correct on habeas review in accordance with 28 U.S.C. § 2254(e)(1).  *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). Petitioner has not rebutted this presumption by clear and convincing evidence.

## II.  Procedural History

Petitioner was convicted by a jury in Wayne County Circuit Court of second-degree murder, assault with intent to commit murder, receiving and concealing a stolen firearm, discharging a firearm in an occupied building, possession of a firearm during the commission of a felony, failure to obtain a license for a pistol, and failure to present a pistol for safety inspection.  On October 18, 2006, he was sentenced to 15 to 25 years' imprisonment for second degree murder, 108 months to 15 years' imprisonment for assault with intent to commit murder, one to 10 years' imprisonment for receiving and concealing a stolen firearm, one to four years' imprisonment for discharging a firearm in

2

an occupied building, 93 days each for the misdemeanor pistol license and safety violations, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  He raised these claims: (i) trial court improperly allowed the state amend the information after the preliminary examination; (ii) admission of Petitioner's statement violated *corpus delicti rule*; (iii) insufficient evidence; and (iv) sentences violated ban on cruel and unusual punishment.  The Michigan Court of Appeals affirmed Petitioner's convictions and sentences.  *People v. King*, No. 274173, 2008 WL 161995 (Mich. Ct. App. Jan. 17, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal.  *People v. King,* 481 Mich. 914 (2008).

Petitioner filed a motion for relief from judgment in the trial court.  He raised these claims: (i) ineffective assistance of trial and appellate counsel; (ii) improper jury instructions; (iii) prosecutorial misconduct; and (iv) verdict against the great weight of the evidence.  The trial court denied the motion.  *People v. King*, No. 06-006791-01 (Wayne County Cir. Ct. July 21, 2009).  The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal.  *People v. King*, No. 297561 (Mich. Ct. App. Oct. 15, 2010); *People v. King*, 489 Mich. 896 (2011).  Petitioner filed a successive motion for relief from judgment in the trial court.  The trial court denied the motion.  *People v. King,* No. 06-006791-01 (Wayne County Cir. Ct. July 21, 2009).

Petitioner then filed the pending habeas petition.  He raises these claims:

3

I.      Trial court abused its discretion granting the state's motion to elevate charges after pre-lim examination before trial.

II.     Admitting petitioner's statement as evidence to establish that a crime was committed, violating the corpus delicti rule & 5th Amendment.

III.    The prosecution presented insufficient evidence to prove beyond a reasonable doubt that petitioner did not act in self-defense.

IV.     The petitioner's sentence was cruel and unusual punishment, violated his Eighth Amendment rights.

V(a).   The petitioner's Sixth and Fourteenth Amendment rights were violated by trial … counsel's ineffectiveness.  Trial counsel fail[ed] to object to erroneous & improper jury instructions, fail[ed] to object to prosecutor's misconduct, fail[ed] to conduct a pre-trial investigation and consult or present any expert witnesses on blood evidence, fail[ed] to present a defense to the evidence produced before and during trial, fail[ed] to file a motion for new trial based on the verdict being against the great weight of the evidence.

V(b).   The petitioner's Sixth and Fourteenth Amendment rights were violated by … appellate counsel's ineffectiveness.  Appellate counsel failed to possess the petitioner's discovery materials before preparing an adequate brief before filing to the appellate court, failed to raise strong meritorious claims on appellant's direct appeal and fail[ed] to file a motion for new trial based on the verdict being against the great weight of the evidence.

VI.     The erroneous instructions to the jury at trial denied the petitioner his right to a fair trial and due process.

VII.    The prosecutor infringed the defendant's right to [a fair] trial and due process with impermissible comments and conduct.

VIII.   The jury returned a verdict that was against the great weight of the evidence.

### III. Standard

The petitioner's claims are reviewed against the standards established by the

4

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1)      resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as determined
> by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*,

529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute

permits a federal habeas court to 'grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state

court's application of [Supreme Court] precedent 'unreasonable,' the state court's

decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams,* 529 U.S. at 412.  Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal

6

courts may be instructive in assessing the reasonableness of a state court's resolution of an issue."  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.  Discussion

### A.  Amendment to Information

Petitioner claims that the trial court abused its discretion in allowing the prosecution to amend the information to charge Petitioner with the offense of assault with intent to commit murder rather than the original charged offense of attempted assault.

The Sixth Amendment guarantees a criminal defendant a right to be clearly informed of the nature and cause of the charges against him in order that he may prepare a defense.  *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948).  "'The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense.'"  *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988) (*quoting Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)).  A complaint or indictment "which fairly but imperfectly informs the accused of the offense for which he

7

is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986).

The trial court allowed the amendment in this case to correct a variance between the evidence presented at the preliminary examination and the information. The Michigan Court of Appeals held that the amendment was properly permitted because it did not prejudice the defense. The Michigan Court of Appeals' decision that the amendment was proper was not contrary to or an unreasonable application of Supreme Court precedent. Therefore, Petitioner is not entitled to habeas corpus relief with respect to this claim.

## B.  Corpus Delicti Rule

Petitioner argues that the trial court violated the *corpus delicti* rule when it admitted his statements that he shot the victim.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's "'rule of independent evidence, or corpus delecti, 'has no independent constitutional footing.'" *Phillips v. Lafler*, No. 06–15192, 2009 WL 1508343, *4 (E.D. Mich. May 28, 2009), *quoting Gribble v. Johnson*, 8 F. Supp. 2d 942, 955 (S.D. Tex.1998). Thus, the claimed violation of state law *corpus delicti* rule is not cognizable on habeas corpus review.

## C.  Sufficiency of the Evidence Claim

Petitioner next argues that the prosecutor presented insufficient evidence to prove beyond a reasonable doubt that he did not act in self-defense.

8

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare

9

rationality." *Coleman v. Johnson*, — U.S. —, 132 S. Ct. 2060, 2065 (2012).

Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *People v. Goecke*, 579 N.W.2d 868, 878 (Mich. 1998). The malice element is satisfied "by showing that the defendant possessed the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with the knowledge that death or great bodily harm would be the probable result. . . . Malice can be inferred from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v. Djordjevic*, 584 N.W.2d 610, 612 (Mich. Ct. App. 1998) (internal citation omitted). The elements of assault with intent to commit murder are (1) an assault, coupled with (2) specific intent to kill, (3) which, if successful, would make the killing murder. *People v. Taylor*, 422 Mich. 554 (Mich. 1985); *see Warren v. Smith*, 161 F.3d 358, 361 (6th Cir.1998). Again, the intent to kill may be proven by inference from circumstantial evidence. *Warren*, 168 F.3d at 361.

The Michigan Court of Appeals rejected Petitioner's claim that the State failed to show that he had the requisite intent because he acted in self-defense:

> "Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *People v. James*, 267 Mich. App. 675, 677; 705 N.W.2d 724 (2005), lv. den. 474 Mich. 982 (2005) (internal quotation omitted). The killing of another person in self-defense qualifies as justifiable homicide only if the defendant honestly and reasonably believes that he faces an imminent danger of death or serious bodily harm "and that it is necessary to exercise deadly force to prevent such harm to himself." *People v. Riddle*, 467 Mich. 116, 127; 649 NW2d 30 (2002). In deciding whether the defendant reasonably feared for

10

his safety, the jury must consider the circumstances as they appeared to the defendant at the time. *Id*. at 127. A claim of self-defense normally requires that the defendant try to avoid the use of deadly force if he can safely and reasonably do so, including through the use of non-deadly force or by retreat. *Id.* at 119. The law will condone a killing only when it constitutes the sole available means of escape from death or serious bodily harm. *People v. Godsey*, 54 Mich. App. 316, 318; 220 N.W.2d 801 (1974). "A defendant is not entitled to use any more force than is necessary to defend himself." *People v. Kemp*, 202 Mich.App. 318, 322; 508 N.W.2d 184 (1993).

The first question is whether defendant honestly and reasonably believed that he faced an imminent danger of death or serious bodily harm. The evidence suggests that Brown was entering the apartment to see if there was another man present. The next question is whether it was necessary for defendant to exercise deadly force to prevent such harm to himself from Brown. On this issue, there was little, if any evidence to support defendant's claim of self-defense. Nothing suggested that Brown had a weapon, or that defendant could not have retreated to the daughter's bedroom (which was his original plan) or that he could have barricaded himself in the bathroom. Even if we were to conclude that the evidence supported defendant's claim that he shot Brown only after Brown lunged at him and only after Brown neared the bathroom, defendant failed to retreat in other ways. Based on this evidence, or lack of it, a rational jury could find the prosecution presented sufficient evidence to disprove defendant's claim of self-defense.

*King*, 2008 WL 161995 at *3.

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and

must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010), (quoting *Jackson*, 443 U.S. at 326). The decision of the Michigan Court of Appeals easily passes scrutiny under the deferential AEDPA standard, as the appellate court applied the correct constitutional test, relied on facts amply supported in the record, and did not unreasonably apply clearly established constitutional law.

### D.  Sentencing Claim

Next, Petitioner argues that his sentence violates the constitutional ban on cruel and unusual punishment because it is disproportionate. There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). However, the Eighth Amendment prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J. concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 303 (1983)). The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also Hutto v. Davis*, 454 U.S. 370, 374 (1982) ("[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted). Petitioner's sentence did not exceed the statutory maximum for second-degree murder or assault with intent to commit murder, both of which carry a maximum penalty of life in prison. *See* Mich. Comp. Laws § 750.317 & § 750.83. Accordingly, he fails to prove an Eighth Amendment violation.

12

### E.  Ineffective Assistance of Counsel Claims

Petitioner raises seven ineffective assistance of counsel claims.  He claims that trial counsel was ineffective in: (i) failing to object to erroneous jury instruction; (ii) failing to object a jury instruction regarding self-defense of others; (iii) failing to conduct pre-trial investigation or consult expert witnesses on blood evidence; and (iv) failing to object to prosecutorial misconduct.  Petitioner also claims that appellate counsel was ineffective in failing to raise claims raised in the pending habeas petition.  Finally, Petitioner claims trial and appellate counsel were both ineffective for failing to file a motion for a new trial.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance."  *Id.* at 689.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court's review of counsel's

13

performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

First, Petitioner argues that counsel was ineffective for failing to object to a duty to retreat jury instruction and the instruction that intent could be inferred from the use of a deadly weapon. The Michigan Court of Appeals held that, under Michigan law, Petitioner had a duty to retreat if he could safely and reasonably do so. *King*, 2008 WL 161995 at *3. The instruction given accurately reflected the defense of self-defense under Michigan law. In addition, as discussed more fully below, a jury instruction that permits an intent inference based upon the use of a deadly weapon is proper under Michigan law and does not violate due process. Nothing in the record before the Court provides a basis on which counsel could have or should have objected to the challenged instructions. Therefore, counsel was not ineffective in failing to raise a meritless objection.

Petitioner next argues that counsel was ineffective in failing to request a jury instruction on self-defense of others. He argues that he was protecting Woodley and her daughter from a home invasion. Petitioner raised this claim for the first time in his motion for relief from judgment. The trial court denied the claim, holding that the

14

instruction was not supported by the evidence.  This Court must defer to the state court's determination that a "defense of others" instruction was not appropriate under state law and the facts of this case.  *Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000).  Counsel cannot be deemed ineffective for failing to request an instruction unsupported under State law.  *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir.2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").  Therefore, habeas relief is denied.

Petitioner claims that counsel was ineffective in failing to conduct pre-trial investigation and failing to consult or present an expert witness on blood evidence.  Petitioner is unable to overcome the strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  First, with respect to the question of an expert witness, although some attorneys may have called an expert witness to testify, that is not the test for habeas review.  The Supreme Court has stated that there are "countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way."  *Strickland*, 466 U.S. at 689.  "It can be assumed that in some cases counsel would be deemed ineffective for failing to consult or rely on experts, but even that formulation is sufficiently general that state courts would have wide latitude in applying it."  *Richter,* 131 S. Ct. 770 at 789 (2011).  Petitioner has failed to demonstrate that his counsel's representation fell below the reasonableness standard set forth in *Strickland*.

15

In addition, Petitioner has not demonstrated that he suffered prejudice from his counsel's performance. His arguments are based upon speculation as to what a defense expert's testimony would have been and what impact that may have had on his defense. Such arguments are simply too speculative to prove prejudice under *Strickland* and the AEDPA's deferential standard. *See Hanna v. Ishee*, 694 F.3d 596, 619 (6th Cir. 2012). "*Strickland* does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense." *Richter*, 131 S. Ct. at 791. Often, "cross-examination will be sufficient to expose defects in an expert's presentation." *Id.* Petitioner fails to show that counsel was ineffective in this regard.

Next, Petitioner argues that his attorney was ineffective in failing to object to instances of prosecutorial misconduct. As discussed below, Petitioner fails to show that the prosecutor engaged in misconduct. The Court found reasonable the state court's decision that no prosecutorial misconduct occurred. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir.2006). Therefore, this claim is denied.

Petitioner claims that appellate counsel was ineffective in failing to raise claims raised in the pending habeas petition. The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose

> on appointed counsel a duty to raise every "colorable" claim suggested by a
> client would disserve the . . . goal of vigorous and effective advocacy. . . .
> Nothing in the Constitution or our interpretation of that document requires
> such a standard.

*Id.* at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are

"properly left to the sound professional judgment of counsel."  *United States v. Perry*,

908 F.2d 56, 59 (6th Cir. 1990).

Petitioner claims that appellate counsel was ineffective in failing to raise on direct

review the claims the petitioner raised on collateral review and in his habeas petition.

Petitioner has failed to show that any of these claims were potentially meritorious.

Therefore, Petitioner cannot show that his appellate attorney was ineffective for failing to

raise them on direct appeal.

Finally, Petitioner claims trial and appellate counsel were both ineffective for

failing to file a motion for a new trial because the verdict was against the great weight of

the evidence where Petitioner acted in self-defense.  The trial court denied this claim,

holding that sufficient evidence was presented to sustain Petitioner's convictions.  As

discussed above, the Michigan Court of Appeals' decision on Petitioner's sufficiency of

the evidence claim was not contrary to or an unreasonable application of Supreme Court

precedent.  Therefore, the trial court's decision that counsel was not ineffective for failing

to file a meritless motion is not an unreasonable application of or contrary to *Strickland*.

### F.  Jury Instructions Claim

In his sixth claim, Petitioner argues that the jury instructions denied him his rights

to a fair trial and due process.  Specifically, he argues that the trial court erred in giving a duty to retreat instruction and in instructing the jury that they could infer intent from the use of a deadly weapon.

"Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief."  *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012), citing 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Federal habeas relief lies for a jury instruction claim only when the "instruction is so flawed as a matter of state law as to 'infect[] the entire trial' in such a way that the conviction violates due process."  *Id.* quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

The Michigan Court of Appeals held, that, a claim of self-defense requires a person "to avoid the use of deadly force if he can safely and reasonably do so, including through the use of non-deadly force <u>or by retreat.</u> . . . The law will condone a killing only when it constitutes the sole available means of escape from death or serious bodily harm." *King*, 2008 WL 161995 at *3 (emphasis supplied).  The trial court instructed the jury in accordance with the law of self-defense in Michigan.  Accordingly, the trial court did not deny Petitioner due process of law by so instructing the jury.

Next, Petitioner argues that the jury instruction to the jurors that they could infer intent by the use of a deadly weapon improperly lowered or shifted the burden of proof. The disputed jury instruction was:

You may infer that the defendant intended to kill he used a dangerous

18

weapon in a way that was likely to cause death.

Likewise, you may infer that the defendant intended to usual results that followed form the use of a dangerous weapon.  A dangerous weapon is any instrument that's used in a way that is likely to cause serious physical injury or death.  A handgun is a dangerous weapon.

Tr., 9/19/06, at 221-22.

In a criminal trial, "it is an elementary principle of due process that every element of the crime must be proven by the prosecution beyond a reasonable doubt." *Caldwell v. Bell*, 288 F.3d 838, 841 (6th Cir. 2002), *citing Sandstrom v. Montana*, 442 U.S. 510, 520 (1979).  An instruction that tells a jury to presume any element of a crime without evidence is unconstitutional, because "the Fourteenth Amendment's guarantees prohibit a State from shifting to the defendant the burden of disproving an element of the crime charged." *Sandstrom*, 442 U.S. at 527 (Rehnquist, J., concurring). However, a permissive inference does not suffer from a similar constitutional infirmity.  "A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved." *Francis v. Franklin*, 471 U.S. 307, 314 (1985).

In this case, the challenged language created only a permissive inference. Therefore, it did not improperly shift the burden of proof.

### G.  Prosecutorial Misconduct Claim

Petitioner's seventh claim focuses on the prosecutor's conduct.  The petitioner argues that the prosecutor improperly vouched for the credibility of prosecution

19

witnesses, based murder charges on testimony of a witness, Armstrong, whose credibility was questionable, shifted the burden of proof to the defense, and failed to disclose that Armstrong had pending criminal charges against him.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, — U.S.—, 132 S. Ct. 2148, 2153 (June 11, 2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id. quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This Court must ask whether the Michigan Court of Appeal's decision denying Petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* at 2155, *quoting Harrington*, 562 U.S. at —, 131 S. Ct. at 786-87.

Prosecutors may not vouch for a witness's credibility. Prosecutorial vouching and an expression of personal opinion regarding the accused's guilt "pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence."

20

*United States v. Young*, 470 U.S. 1, 18-19 (1985).

"[T]he *Darden* standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations.'" *Parker*, — U.S. —, 132 S.Ct. at 2155, (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). It was not improper for the prosecutor to ask the jury to consider the different witnesses' motives for testifying. The prosecutor did not imply that he had some special information about prosecution witnesses' testimony or credibility. Therefore, no misconduct has been shown.

The prosecution's presentation of Armstrong as a witness does not constitute misconduct. Petitioner argues that Armstrong was not credible and admitted to giving contradictory testimony. The credibility of witnesses is a matter for the jury to decide. Petitioner's attorney cross-examined Armstrong extensively and was able to highlight for the jury any problems with Armstrong's credibility.

Next, Petitioner argues that the prosecutor improperly shifted the burden of proof to the defense. The trial court denied these claims in its decision denying relief from judgment and that is the last reasoned state court opinion on these claims. The trial court found no misconduct, holding that the prosecutor's argument did not shift the burden of proof and that the trial court judge properly instructed the jury as to the burden of proof. The prosecutor's argument, considered in its entirety, did not shift the burden of proof. The argument was a reasonable one. Thus, this Court finds that the state court's decision that no prosecutorial misconduct occurred was not "so far out of line with the very

21

general standard" established in *Darden* as to entitle Petitioner to habeas relief.  *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011) (en banc).

Finally, Petitioner argues that the prosecutor committed misconduct by failing to inform the defense that there were criminal charges pending against Armstrong. Petitioner fails to identify the nature of the charge.  In denying Petitioner's motion for relief from judgment, the state court held this evidence would have been inadmissible under Michigan Rule of Evidence 609.  Therefore, Petitioner cannot show that his right to due process was violated by the prosecutor's failure to disclose this information.

### H.  Great Weight of the Evidence Claim

Finally, Petitioner raises a claim that the verdict was against the great weight of the evidence.  This claim is meritless.  In Michigan, a trial court may order a new trial "where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result."  *People v. Lemmon*, 456 Mich. 625, 642, 576 N.W.2d 129, 137 (1998) (internal quotation omitted).  The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude."  *Id.* at 634 n. 8, 576 N.W.2d at 133. Thus, a claim that a verdict is against the great weight of the evidence alleges an error of state law, which is not cognizable on habeas review.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law").

## V.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides, in pertinent part:  "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  If a petitioner makes the requisite showing and a district court grants a certificate of appealability, the court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

For the reasons stated in this Opinion and Order, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability shall not issue in this case.

## VI.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

23

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/John Corbett O'Meara
United States District Judge

Date:  March 21, 2014


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 21, 2014, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

24